**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

**UNITED STATES OF AMERICA,**       )
    Plaintiff,                      ) **D.C. CR. No. 2004/133**
                                     )
    v.                               )
                                     )
**JOSÉ PEÑA**,                       )
    Defendant.                       )
_____      )

**O R D E R**

Before the Court is Defendant Jose Pena's *pro se* motion requesting permission to file a 28 U.S.C. § 2255 motion beyond the statutorily prescribed period set forth by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] Defendant alleges that he was incarcerated at the F.D.C. Building in Bayamon, Puerto Rico where it was "[i]mpossible to file" any pro se motions due to the limited amount of legal materials available. (Mot. at 1.) Defendant further alleges that he was transferred to the Pine Prairie Correctional Institution in November 2007, and that law library has been under construction and not open to inmates.

On January 31, 2006, the Court accepted Defendant's plea of guilty to Count One of the Indictment, possession with intent to distribute in excess of five kilograms of cocaine, and entered its Judgment and Commitment on April 3, 2006. Defendant's judgment became final ten working days later, on April 17, 2006. *See* Fed.

---

[1] Title 28 Section 2255(f) provides, in relevant part, that a one-year period of limitation shall apply to motion sunder this section.

*USA v. Peña*
D.C. CR. No. 2004/133
Order
Page 2

R. App. P. 4(b)(1)(A). Now, in the instant motion dated March 20, 2008 and filed on April 18, 2008, Defendant's requests leave to file his motion to vacate his sentence once the Education Department at the Pine Prairie reopens sometime after April 20, 2008. Defendant's motion does not does not set forth the grounds upon which he is seeking § 2255 relief.

In *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616 (3d Cir. 1998), the Court of Appeals for the Third Circuit held that the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and, therefore the period of limitation is subject to equitable tolling. The Supreme Court has "never squarely addressed . . . whether equitable tolling is applicable to the AEDPA's statute of limitations." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 n.8 (2005). Nonetheless, "[a] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 418 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling is a remedy which should be invoked "only sparingly". *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir. 1998) (quoting *Irwin*, 498 U.S. at 96).

Having duly considered Defendant's motion, the Court is unpersuaded that Defendant had been pursuing his rights diligently, and that an extraordinary circumstance prevented him from filing a

*USA v. Peña*
D.C. CR. No. 2004/133
Order
Page 3

motion under 28 U.S.C. § 2255 until almost two years after his conviction became final.  It is hereby

**ORDERED** that Defendant's request for permission to file his 28 U.S.C. § 2255 motion beyond the one year statutorily prescribed period set forth by the AEDPA is **DENIED**; and further

**ORDERED** that a certificate of appealability will not be issued.

**DONE AND SO ORDERED** this 25 day of April 2008.

E N T E R:

/s/
_____
**RAYMOND L. FINCH**
**DISTRICT JUDGE**

**Copies to:**
    Geoffrey W. Barnard, Magistrate Judge
    José Peña, Reg. No. 07435-094, Correctional Institution Pine Prairie, 1133 Hampton Dupre Road, 1133 Hampton Dupre Road, Pine Prairie, LA 70576 (Please Mark:  "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
    United States Attorney
    George Hodge, Esq.
    Law Clerk-TLB
    C. Jackson