```
IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
    DIVISION OF ST. THOMAS AND ST. JOHN
```

**UNITED STATES OF AMERICA,**       )
      Plaintiff,       ) **D.C. CR. No. 2004/133**
                        )
      v.                )
                        )
**JOSÉ PEÑA**,                      )
      Defendant.       )
_____ )

## O R D E R

**THIS MATTER** is before the Court on Defendant Jose Pena's *pro se* motion dated March 29, 2006 and filed on April 3, 2006 in objection to the Presentence Report. Defendant argues that the Plea Agreement discussed a sentence from thirty-seven to forty-six months; that he is not an English speaking person, and only signed the plea agreement on the basis of what his counsel told him; that he could not read the plea agreement to verify factual matters; that his counsel never explained which count he was pleading to, and never explained the nature of his plea agreement; and that he understood only that he was pleading guilty to receiving money for driving the vehicle.

On January 31, 2006, the Court accepted Defendant's plea of guilty to Count One of the Indictment, possession with intent to distribute in excess of five kilograms of cocaine. The Plea Agreement stated in relevant part that:

> b. Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty to this offense, defendant acknowledges that should the case go to trial, the government could present evidence to support this

*USA v. Peña*
D.C. CR. No. 2004/133
Order
Page 2

      charge beyond a reasonable doubt. Specifically, the
      government could prove, among other facts, that on or
      about June 16, 2004, the defendant conspired with others
      to possess with intent to distribute approximately 120
      kilograms of cocaine. In fact, the defendant was
      arrested shortly after he led officers on a high speed
      chase and exited his vehicle on foot, after it crashed
      into the curb. The car driven by the defendant was found
      to contain approximately 120 kilograms of cocaine in
      plain view.

(Plea Agreement at 2.)

      The U.S. Probation office submitted its presentence report on January 31, 2006. Under Fed. R. Crim. P. 32(f)(1), objections to the presentence report were to be made within 14 days after receiving said report, but none were filed. Defendant filed the instant motion objecting to the presentence report after his sentencing hearing, and on the same date that the Judgment and Commitment was entered, April 3, 2006. Defendant's motion is, therefore, untimely.

      **ORDERED** that Defendant's motion in objection to the presentence report is **DENIED**.

      **DONE AND SO ORDERED** this <u>25</u> day of April 2008.

                                                    **E N T E R:**

                                                          /s/
                                        _____
                                        **RAYMOND L. FINCH**
                                        **DISTRICT JUDGE**

**Copies to:**
    Geoffrey W. Barnard, Magistrate Judge
    José Peña, Reg. No. 07435-094, Correctional Institution Pine

*USA v. Peña*
D.C. CR. No. 2004/133
Order
Page 3

Prairie, 1133 Hampton Dupre Road, 1133 Hampton Dupre Road, Pine Prairie, LA 70576 (Please Mark:  "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
    United States Attorney
    George Hodge, Esq.
    Law Clerk-TLB
    C. Jackson