# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | **D.C. CR. No. 2004/133** |
| ) | |
| v. ) | |
| ) | |
| **JOSÉ PEÑA**, ) | |
| Defendant. ) | |
| _____ ) | |

# O R D E R

**THIS MATTER** is before the Court on Defendant Jose Pena's April 10, 2006 *pro se* motion for downward departure, filed after his Judgment and Commitment was entered on April 3, 2006. Defendant alleges that he was "promised by the chief of the D.E.A[.] agency that if he cooperated with police he would recom[m]end a more lenient sentence." (Mot. for Downward Departure at 1.) Defendant also alleges that he cooperated fully with the D.E.A. and provided accurate information pertaining to the litigation. As such, he asks that the Court grant him a downward departure, taking into consideration his cooperation with the Government.

The October 24, 2005 Plea Agreement stated in relevant part that:

> a. Defendant JOSE PEÑA will plead guilty to Count One of the Indictment, possession with intent to distribute in excess of five kilograms of cocaine, and faces a mandatory minimum term of ten years[] imprisonment, a maximum possible penalty of life imprisonment, a $4,000,000.00 fine, a term of supervised release of at least five years, and a $100.00 special monetary assessment for each count of conviction. The defendant agrees to pay the special monetary assessment on or before the date of sentencing.

> b. Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty to this offense, defendant acknowledges that should the case go to trial, the government could present evidence to support this charge beyond a reasonable doubt. Specifically, the government could prove, among other facts, that on or about June 16, 2004, the defendant conspired with others to possess with intent to distribute approximately 120 kilograms of cocaine. In fact, the defendant was arrested shortly after he led officers on a high speed chase and exited his vehicle on foot, after it crashed into the curb. The car driven by the defendant was found to contain approximately 120 kilograms of cocaine in plain view.

(Plea Agreement at 1-2.)

Defendant faced a sentencing range of 135-168 months. On January 23, 2006, the Government filed a motion to grant the Defendant a 2-point offense level reduction due to his acceptance of responsibility pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a), and an additional 1-point reduction because Defendant assisted the authorities in the investigation and/or prosecution of his own misconduct by timely notifying the authorities of his intention to enter a plea of guilty. (Mot. for Reduction at 1-2.) The Government also moved pursuant to U.S.S.G. 5K1.1 for a downward departure from the Guidelines. At sentencing on March 23, 2006, the Court granted the Government's motion for reduction. Defendant, who was represented by counsel and assisted by a Spanish interpreter, requested an even further reduction. The Court ultimately found it appropriate to sentence Defendant at an offense level of 31, below the recommended Guideline range, and committed him to the Bureau of Prisons for a term of 108 months.

Having considered the premises, it is hereby

**ORDERED** that Defendant's *pro se* motion for downward departure

is **DENIED** as moot.

**DONE AND SO ORDERED** this 25 day of April 2008.

E N T E R:

/s/
_____
**RAYMOND L. FINCH
DISTRICT JUDGE**

**Copies to:**
Geoffrey W. Barnard, Magistrate Judge
José Peña, Reg. No. 07435-094, Correctional Institution Pine Prairie, 1133 Hampton Dupre Road, 1133 Hampton Dupre Road, Pine Prairie, LA 70576 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
United States Attorney
George Hodge, Esq.
Larry T. Glenn, U.S. Probation
Law Clerk-TLB
C. Jackson