# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA, )
    Plaintiff, ) **D.C. CR. No. 2004-133**
     )
    v. )
     )
**JOSÉ PEÑA**, )
    Defendant. )
_____ )

# **O R D E R**

    This matter is before the Court on Defendant Jose Peña's ("Peña" or "Defendant") letter filed on May 9, 2011 which the Court construes as a renewed motion to file a 28 U.S.C. § 2255 motion beyond the statutorily prescribed period set forth by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) ("AEDPA"). In the instant motion, it appears that Pena is attempting to argue ineffective assistance of counsel.

    On January 31, 2006, Peña pled guilty to Count One of the Indictment, possession with intent to distribute in excess of five kilograms of cocaine. On January 31, 2006, the Court accepted Peña's plea of guilty to Count One. The Plea Agreement stated in relevant part that:

> b. Defendant is pleading guilty because defendant is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty to this offense, defendant acknowledges that should the case go to trial, the government could present evidence to support this charge beyond a reasonable doubt. Specifically, the government could prove, among other facts, that on or about June 16, 2004, the defendant conspired with others

>to possess with intent to distribute approximately 120 kilograms of cocaine. In fact, the defendant was arrested shortly after he led officers on a high speed chase and exited his vehicle on foot, after it crashed into the curb. The car driven by the defendant was found to contain approximately 120 kilograms of cocaine in plain view.

(Plea Agreement at 2.) In a Judgment and Commitment entered on April 3, 2006, Peña was sentenced to a term of incarceration of 108 months with four (4) years supervised release.

Since his conviction, Peña has been no stranger to this Court. Most relevant to the instant motion is Peña's previous motion filed on or about April 18, 2008 seeking leave to file a § 2255 motion beyond the statutorily prescribed period set forth by the AEDPA.[1] In that motion, Peña did not set forth the grounds upon which he sought § 2255 relief, but alleged that it had been "[i]mpossible to file" any *pro se* motions due to the limited amount of legal materials available. (Mot. Requesting Leave to File § 2255 at 1.) The Honorable Raymond L. Finch noted that, "[a] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418 n.8 (2005) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Judge Finch, unpersuaded that Peña had pursued his rights diligently, and that

---

[1] Title 28 Section 2255(f) provides, in relevant part, that a one-year period of limitation shall apply to motions under this section.

an extraordinary circumstance prevented him from filing his § 2255 motion until almost two (2) years after his conviction became final, denied his request to toll the time to file his § 2255 motion. Likewise, the undersigned finds no basis upon which to toll Peña's time to file a motion pursuant to § 2255. Accordingly, it is hereby,

**ORDERED** that Peña's renewed motion to file a 28 U.S.C. § 2255 motion beyond the statutorily prescribed period set forth by the AEDPA (ECF No. 99) is **DENIED**; and finally

**ORDERED** that a certificate of appealability will not be issued.

**E N T E R:**

/s/ Curtis V. Gómez
_____
**CURTIS V. GÓMEZ
CHIEF JUDGE**

**Copies to:**
Ruth Miller, Magistrate Judge
United States Attorney
José Peña, Reg. No. 07435-094, Correctional Institution Adams County, P.O. Box 1600, Washington, MS 39190 (Please Mark: "LEGAL MAIL")